IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

APRIL BEAVER,

    Plaintiff,

v.

3:17-CV-644-PK

OPINION AND ORDER

DELICATE PALATE BISTRO, INC., and
GEOFFREY WILLIAMS, SR.,

    Defendants.

PAPAK, Magistrate Judge:

Plaintiff April Beaver filed this action against defendants Delicate Palate Bistro, Inc. (the "Bistro"), and Geoffrey Williams, Sr., on April 24, 2017. Beaver alleges that at all material times she was employed by the Bistro as a sous chef, and that Williams was the Bistro's chief executive officer. Beaver further alleges that Williams induced her to relocate her family in order to accept the job at the Bistro through promises that she would be allowed to pump breast milk during her two daily legally-mandated break periods, and that her pay would be increased by $2.00 per hour after two weeks on the job. Beaver further alleges that she was given only one break per day, that she was harassed in consequence of using her break to pump breast milk, and that her pay was raised by only $0.50 after two weeks on the job. Beaver further alleges that after

Page 1 - OPINION AND ORDER

she complained about the foredescribed broken promises, her hours were reduced, and that after she complained about the reduction in her hours defendants terminated her employment. Arising out of the foregoing, Beaver alleges defendants' liability under Oregon statutory law for gender discrimination, gender discrimination retaliation, whistleblowing, and wage claim retaliation, under both federal and Oregon statutory law for unpaid overtime wages, under Oregon statutory law for unpaid wages at time of termination, and under Oregon common law for breach of contract. Beaver seeks monetary damages in unspecified amounts, plus award of her fees and costs. This court may properly exercise federal-question jurisdiction over Beaver's federal claim pursuant to 28 U.S.C. § 1331, and may properly exercise supplemental jurisdiction over her state-law claims pursuant to 28 U.S.C. § 1367.

Now before the court is Beaver's informal letter motion for a protective order, by and through which Beaver seeks this court's order preventing defendants from issuing broad subpoenas *duces tecum* to certain of her former employers. I have considered the informal letter motion and all of the pleadings and papers on file. For the reasons set froth below, Beaver's letter motion is granted in part and denied in part as discussed below.

## LEGAL STANDARD

Pursuant to Federal Civil Procedure Rule 26(c), a court may for "good cause" issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R. Civ. P. 26(c)(1). To obtain such a protective order, the party resisting discovery or seeking limitations must show "good cause" for its issuance by demonstrating harm or prejudice that will result from the discovery. Fed. R. Civ. P. 26(c)(1); *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th

Cir. 2002). Generally, a party seeking a protective order must meet a "heavy burden" to show why discovery should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## ANALYSIS

Defendants specifically wish to issue subpoenas *duces tecum* to all of Beaver's former employers who employed Beaver at any time during the past five years. The documents defendants wish to subpoena from each such employer are as follows:

> The entire personnel file of former employee April M. Beaver, a/k/a April Kipfer, . . . including but not limited to payroll records, pay rates, employee evaluations and performance appraisals, performance reports, interviews, conferences and counseling sessions, attendance and absentee records, benefits, notes, reports, tests, memoranda, applications and resumes, correspondence, medical data, personnel records, employment history, records in computer readable form, and any and all other pertinent writings or materials of any kind in [each such employer's] possession or under [each such employer's] control.

Beaver takes the position that the scope of the contemplated records subpoenas are too broad, in that defendants seek, in addition to applications for employment, job descriptions, performance evaluations or reviews, compensation, training, complaints made by or against her, and documents reflecting the reasons for the termination of her employment, documents including "notes, reports, tests, memoranda, . . . correspondence, medical data, personnel records, . . . records in computer readable form, and any and all other pertinent writings or materials of any kind." Beaver requests that this court issue a protective order limiting the documents defendants may seek from her former employers of the last five years to the following:

> Those documents from plaintiff's personnel file consisting of her application for employment, job descriptions, performance evaluations or reviews, compensation, training, complaints made by or against her, and documents reflecting the reasons for the termination of her employment.

Page 3 - OPINION AND ORDER

I agree with Beaver that plaintiffs have a legitimate privacy interest in the contents of their employment records. *See, e.g., Abu v. Piramco SEA-TAC, Inc.*, Case No. 08-1167, 2009 U.S. Dist. LEXIS 12626, *4-5 (W.D. Wash. Feb. 5, 2009). I further agree with Beaver that public policy reasons militate against lightly invading that privacy interest, in that an expectation of privacy in employment records encourages candid employment evaluations and avoids impairment of employee morale. *See, e.g., In re Hawaii Corp.*, 88 F.R.D. 518, 524 (D. Haw. 1980). Nevertheless, the courts of the Ninth Circuit generally allow discovery of employment records notwithstanding such privacy and public policy concerns where the material sought is clearly relevant to claims or defenses at issue and the information contained in the material is not otherwise readily available. *See, e.g., Newell v. County of San Diego*, Case No. 12-CV-1696, 2013 U.S. Dist. LEXIS 66521, *4 (S.D. Cal. May 8, 2013).

Defendants argue that all of the information sought is of clear relevance to Beaver's claims and to their defenses, and moreover that much of the information was placed specifically at issue in this matter as a direct consequence of the litigation positions Beaver has taken herein. Specifically, defendants assert that at the time Beaver applied to work at the Bistro, she declined permission for the Bistro to contact her current employer, suggesting that she was between employment positions at the time of her application, whereas Beaver now alleges that at the time of her application, she was employed as a head chef at a restaurant in Gladstone, Oregon. In addition, defendants argue, Beaver claims expertise, experience, and freedom from restrictions on her ability to sustain full-time work that it is defendants' position were not reflected in her employment services to the Bistro. Defendants further argue that Beaver has claimed that they caused her to suffer a medical condition relating to her production of breast milk, and that it is

Page 4 - OPINION AND ORDER

their right to determine whether this was a pre-existing condition.

I note preliminarily that a formal protective order is already in place in this action, such that any documents defendants may receive from any of Beaver's former employers will not be used or disclosed for any purpose unrelated to this litigation.

I agree with the defendants that they are entitled to all of the information within the scope of their proposed records subpoena from Beaver's former employer located in Gladstone, Oregon, for whom she alleges she worked as a head chef at the time she accepted an offer of employment from the Bistro (and from any more recent former employers, if any such exist). The circumstances of Beaver's employment by the Gladstone restaurant, and the timing and circumstances of the termination of that employment, are highly relevant to issues raised by her claims and allegations in this action. Similarly, whether Beaver suffered from any medical condition the etiology of which she now attributes to the conduct of the defendants at or prior to the termination of her former employment is likewise directly relevant to the claims asserted herein. Because the records within the scope of defendants' proposed subpoenas *duces tecum* are clearly relevant to Beaver's claims, and because it does not appear that the information contained therein would otherwise be readily available to the defendants, no grounds exist for issuing the requested protective order as to the contemplated subpoena(s) intended for Beaver's former employer located in Gladstone, Oregon, for whom she alleges she worked as a head chef (and from any more recent former employers, if any exist). As to that employer or employers, defendants may issue their proposed subpoena or subpoenas in the form they have proposed.

By contrast, defendants' need for medical records and for detailed information regarding the circumstances of Beaver's former employment positions is relatively attenuated as to

Page 5 - OPINION AND ORDER

employment positions Beaver held prior to her asserted position as a head chef at a Gladstone restaurant. Specifically, defendants have not established the relevance of medical conditions Beaver may have experienced in the past, but which have had no effect on her recent ability to perform job duties or to sustain full-time employment. Similarly, details regarding the precise timing of her departure from such former employment positions are not clearly relevant to Beaver's allegation that she was employed at the time she accepted the Bistro's job offer. Because defendants have not met their burden to show that the objected-to portions of the proposed records subpoenas are calculated to lead to the production of clearly relevant evidence, the requested protective order is granted to the extent defendants contemplate issuing subpoenas to former employers Beaver worked for prior to working as head chef at a Gladstone restaurant. As to such former employers, defendants may issue the contemplated subpoenas seeking only the following:

> Those documents from plaintiff's personnel file consisting of her application for employment, job descriptions, performance evaluations or reviews, compensation, training, complaints made by or against her, and documents reflecting the reasons for the termination of her employment.

## CONCLUSION

For the reasons set forth above, Beaver's informal letter request for a protective order is granted in part and denied in part as discussed above.

Dated this 12th day of September, 2017.

Honorable Paul Papak
United States Magistrate Judge

Page 6 - OPINION AND ORDER